AUSTIN, Commissioner of Banking, v. OTTINGER.    (No. 7174).

Court of Civil Appeals of Texas. Austin.
Oct. 12, 1927.

1. Pleading ⊕⇒223—Order sustaining demurrer to amended petition with leave to amend held not "final."

Order reciting that general demurrer to first amended original petition was sustained and case dismissed, to which "plaintiff excepted," held not "final," in view of further recital that plaintiff "be and hereby is" granted leave to file amended original petition, and this regardless whether words, "and gave notice of appeal," followed word excepted in minutes as originally entered.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final.]

2. Appeal and error ⊕⇒662(1)—Wording of order sustaining demurrer, which was adopted by judge and entered in minutes, is controlling.

Wording of order sustaining demurrer to amended petition and dismissing case with leave to amend, which was adopted by judge and entered in minutes, is controlling on appeal.

3. Appeal and error ⊕⇒655(1)—Where docket showed dismissal with leave to amend and subsequent order at same term continuing case at defendant's request, motion to strike out latter entry was properly denied, where court had jurisdiction.

Where docket recited that demurrer to first amended original petition was sustained and case dismissed with leave to file second amended original petition, and subsequent entry at same term recited that case was continued at defendant's request, motion to strike out latter entry was properly denied whether or not continuance was in fact made at defendant's request, since the court had jurisdiction over case.

4. Pleading ⊕⇒223—If order sustaining demurrer would have dismissed cause finally at end of term, it was nullified; dismissal by subsequent order at same term continuing case.

Even if order sustaining demurrer and dismissing case with leave to amend would have dismissed cause finally at end of term without further order, it was set aside and nullified as a final adjudication of dismissal by a subsequent order at that term continuing the case.

Appeal from District Court, San Saba County; J. H. McLean, Judge.

Suit by Charles O. Austin, Commissioner of Banking, against Mrs. Jessie May Ottinger. From a judgment of dismissal and an order denying a new trial, plaintiff appeals. Reversed and remanded.

Rector, Rector & Gray, of San Saba, for appellant.

W. D. Girand, of Abilene, for appellee.

McCLENDON, C. J. [1] Suit by the commissioner of banking against Mrs. Ottinger upon a state bank stock assessment. From a judgment dismissing the suit, the commissioner has appealed.

November 15, 1926, the court heard and sustained a general demurrer to plaintiff's first amended original petition, the docket showing the following notation:

"Defendant's general demurrer to plaintiff's petition sustained, and plaintiff given leave to file second amended original petition, and costs to date taxed against the plaintiff, to which plaintiff excepts."

The order on the minutes of the same date, after reciting hearing of the general demurrer, reads:

"It is therefore ordered, adjudged, and decreed by the court that defendant's general demurrer to plaintiff's petition be and the same is in all things sustained and said petition dismissed, to which action of the court the plaintiff excepted. It is further ordered that the plaintiff be and he is hereby granted leave to file his second amended original pe-

tition, to which action of the court the defendant excepted and gave notice of appeal. It is further ordered that all costs in this case up to this date be taxed against the plaintiff, to which action of the court the plaintiff excepted."

The docket shows the following notation:

"Nov. 16, 1926—Continued at request of defendant."

The minutes of the same date recite:

"This day this cause coming on to be heard, same was continued at request of defendant."

No further pleadings were filed, and no further orders entered at that term of court. Thereafter in vacation, and prior to the next term of court, plaintiff, on April 14, 1927, filed his second amended original petition. April 22, 1927, defendant filed what she styled "Motion to Dismiss and Plea in Bar," in which she asked that the cause be dismissed upon five grounds, the substance of which was that the order of dismissal became final when the term of court at which it was entered expired, and especially so since no amendment to plaintiff's petition was filed during the term, and thereupon the court lost jurisdiction of the·case; and that the second amended original petition could only be treated as an original suit, and the cause of action asserted was therefore barred by·limitation. This motion was granted April 25, 1927, and the cause dismissed. May 12, 1927, plaintiff filed an amended motion to set aside the judgment and for a new trial, in which the various previous orders of the court were set up, including the order of November 16, 1926, continuing the cause at request of defendant. This motion was overruled May 13, 1927. The appeal is from this order and the judgment of dismissal of April 25, 1927.

The transcript was filed in this court on July 15, 1927. By supplemental transcript, lodged with the clerk of this court on September 30, 1927, it appears that on September 14, 1927, defendant presented to the judge an application for a hearing, in which it was alleged that the order of November 15, 1926, as originally drafted contained the words, "and gave notice of appeal" after the words, "dismissed, to which action of the court the plaintiff excepted," and that the words first quoted "were stricken out of said order after the same was prepared and O. K.'d by attorney for plaintiff, and delivered to the clerk of this court for entry upon the minutes." And further:

"Your petitioner does not know who caused said sentence to be stricken from said order after order was written and O. K.'d by the counsel, but the same appears on the minutes of the said court with the omission of the words hereinabove stated."

The motion further states, with reference to the order of November 16, 1926, continuing the cause "at the request of defendant," that no request was·made by defendant or her attorney to continue the case, and that the entry to that effect on the docket and in the minutes was erroneous and should be vacated. The prayer is that a hearing be had and that the order continuing the case be annulled. On September 11, 1927, the trial judge made a vacation order overruling the application, "because it is my opinion it is without merit."

It will thus be seen that the controlling question the appeal presents is whether the order of November 15, 1926, sustaining the general demurrer and dismissing the appeal, was a final judgment in the case. This question is ruled by the holding on rehearing in McCoy v. Texas Power & Light Co. (Tex. Com. App.) 239 S. W. 1110. The record in the present case is in all essentials on all fours with the record in that case. The order of November 15, 1926, sustaining the general demurrer and dismissing the case, was clearly not intended as a final judgment, because immediately following the order of dismissal the recitation is made that it was "further ordered that the plaintiff be and he is hereby granted leave to file his second amended original petition." This construction necessarily follows from the holding in the McCoy Case, independently of the subsequent order continuing the case for the term.

Whether the minutes as originally entered contained the words, "and gave notice of appeal," is unimportant. We would give the order of dismissal the same construction with the added words, "and gave notice of appeal," that we give it without those words. The judge's docket and the minutes expressly show that leave to amend was granted. No attack whatever is made upon the correctness of the record in this regard. The order granting leave to amend retained the case upon the docket until that order was complied with or the leave withdrawn by further order, and deprived the dismissal order of finality.

[2] But, aside from this, appellee's motion does not attempt to impeach the verity of the record regarding the wording of the order as actually made by the judge and entered in the minutes, and that is what controls.

[3, 4] With reference to that portion of appellee's application seeking to strike from the record the recitation that the continuance was at defendant's request, we think the action of the trial court in overruling the application was proper, regardless of whether the recitation was true or false. It is not contended that the court did not in fact enter an order on November 16, 1926, continuing the case as is shown by the entry on the

docket and the minutes. At that time the court had jurisdiction over the case even if it were held that the order of dismissal would without further order render the dismissal final at the expiration of the term. The order continuing the case made at the same term, and subsequently to the dismissal was a judicial pronouncement that jurisdiction was still retained over the cause, and that it was continued to the next term of court, and had the effect, by necessary implication, of setting aside and nullifying the dismissal as a final adjudication.

While entertaining grave doubts as to our authority to consider for any purpose the supplemental transcript tendered by appellee (a question upon which we express no opinion), we hold that the trial court correctly overruled appellee's motion.

For the error pointed out, the trial court's judgment is reversed, and the cause remanded to that court for further proceedings not inconsistent with this opinion.

Reversed and remanded.